BRADLEY v. TURNER. (Circuit Court of Appeals, Eighth Circuit. April 4, 1901.) No. 1,428. In Error to the Circuit Court of the United States for the District of Minnesota. Action by Charles H. Bradley against A. B. Turner. There was a judgment for defendant, and plaintiff brings error. Affirmed. R. R. Briggs, for plaintiff in error. J. L. Washburn (W. D. Bailey, on the

brief), for defendant in error. Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The complaint in this case alleges in substance that the plaintiff and J. E. Ball, Dan H. Ball, and John McKinley "entered into an agreement for the purpose of purchasing and selling properties valuable for copper or for water power situate in the county of Ontonagon, in the state of Michigan"; that the parties named negotiated with the owners of large tracts of land "with a view to organize a syndicate for the purpose of buying said properties and obtain their price with options for said lands"; that the defendant, Turner, agreed to purchase these lands, or such portion of the same as he might desire, at the prices given, or such other prices as might be obtained from the owners of the lands, and would pay the plaintiff and his associates, for their services and for their profit in bringing the lands and the opportunity to purchase them to the attention of the defendant, the sum of $90,000 when the titles to the lands were approved by the legal adviser of the defendant, and the conveyances therefor consummated; that it was subsequently agreed the defendant himself would undertake to complete the titles in consideration of the plaintiff and his associates accepting $65,000 for their services and profit; that the defendant did thereafter form a syndicate and obtain titles for the lands in whole or in part, and that he voluntarily abandoned such part as he did not acquire; that it was agreed between the Balls, McKinley, and the plaintiff that the Balls should receive one-third of the profits of the transaction, McKinley one-third, and the plaintiff one-third, and that the Balls and McKinley have received their shares, but that the plaintiff's share, amounting to $21,666.66, has not been paid, and judgment is asked for the amount. The answer denies the allegations of the complaint and avers "that in the years 1897 and 1898 one John McKinley, mentioned in the complaint, had some negotiation with the defendant looking to the purchase and sale upon certain conditions of certain supposed copper lands in the state of Michigan, including the lands, or some of the lands, described in the complaint, and many other tracts, but some time thereafter the said negotiations were mutually abandoned; the said McKinley, including his associates in interest, if he had any, not only being wholly unable to carry out the terms proposed in said negotiations, but the parties in contemplation as purchasers also having declined further consideration thereof." The John McKinley mentioned in this paragraph of the answer was one of the plaintiff's associates, and represented the plaintiff and his associates in the transaction. At the close of all the testimony in the case the court below directed a verdict for the defendant upon the ground, among others, that the uncontradicted evidence and the plaintiff's own letters showed that the averment of the answer which we have quoted was true, and that all negotiations between the plaintiff and his associates on the one part, and the defendant on the other, were broken off and abandoned by mutual consent by reason of the inability of the plaintiff and his associates to comply with their engagements. To this direction of the court due exception was taken, and the same is here assigned for error. After a most careful and critical reading and consideration of the evidence in the case, the court is unanimously of the opinion that there is an entire failure of proof to support the plaintiff's case, and that the court did not err in directing the verdict for the defendant. No useful purpose would be subserved by setting out the testimony in the case. It raises no question of law, and the science of the law is not advanced by the discussion of mere facts, particularly so when they are of such a character as renders it highly improbable that they will ever arise in another case. It is sufficient to say that it is perfectly clear upon the evidence that the contract set up in the complaint was never consummated, but was abandoned by mutual consent of the parties and by reason of the inability of the plaintiff and his associates to comply therewith on their part, and that whatever of the lands were afterwards acquired by the defendant were acquired by a new and independent contract with other and different parties, with which the plaintiff and his associates had nothing whatever to do. The judgment of the circuit court is affirmed.